# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

COMIKIA PRICE,

    Plaintiff,

v.

UNKNOWN and CITY OF
MILWAUKEE HOUSING/HOME
IMPROVEMENT PROGRAM,

    Defendants.

Case No. 25-CV-2063-JPS

**ORDER**

## 1. INTRODUCTION

In late December 2025, Plaintiff Comikia Price ("Plaintiff"), proceeding pro se, filed this action together with a motion for leave to proceed without prepaying the filing fee. ECF Nos. 1, 2. This Order screens Plaintiff's complaint and permits her to proceed on an equal protection claim. The Court will therefore also grant Plaintiff motion for leave to proceed without prepayment of the filing fee, ECF No. 2.

## 2. MOTION TO PROCEED IN FORMA PAUPERIS

A party proceeding pro se may submit to the court a request to proceed without prepaying the otherwise required filing fees, otherwise known as a motion to proceed in forma pauperis.[1] "The federal in forma

---

[1] Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner *pro se* litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997) (superseded by rule on other, inapplicable grounds); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis,

pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits." *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Nietzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. It must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). The Court must also examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

It follows that a litigant whose complaint does not meet the criteria in 28 U.S.C. § 1915(e)(2) or does not plead claims within the Court's subject matter jurisdiction, and whose case cannot proceed as a result, necessarily cannot reap the benefits of proceeding in forma pauperis. In other words, although in forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to

prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring)).

them," *Brewster v. N. Am. Van Lines, Inc.*, 461, F.2d 649, 651 (7th Cir. 1972), a pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee.

In Plaintiff's motion, she attests that she is unemployed and unmarried, and supports two minor children. ECF No. 2 at 1. She has no income and avers that she pays her $3,500 in monthly expenses by "charging" (she does not explain if or how she pays off these charges). *Id.* at 2–3. She lacks any assets of substantial value. *See id.* at 3. The Court therefore accepts that Plaintiff is indigent. For the reasons stated in the next section, Plaintiff has stated at least one viable claim and her complaint therefore meets the 28 U.S.C. § 1915(e)(2) criteria. Accordingly, the Court will grant Plaintiff's motion for leave to proceed without prepayment of the filing fee.

3.    **SCREENING THE COMPLAINT**

    **3.1    Legal Standard**

As noted above, when a pro se litigant seeks to proceed in forma pauperis, the Court must screen the litigant's complaint prior to service on defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2); or the case is outside of the Court's subject matter jurisdiction, FED. R. CIV. P. 12(h).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke*, 490 U.S. at 325); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a

claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### 3.2 Plaintiff's Factual Allegations

Plaintiff's complaint and attachments total 1,496 pages, and she has also submitted a "supplement" and a "notice" totaling 60 pages. ECF Nos. 1, 5, 6. Despite the volume of her filings, her core complaint (what she refers to as her "claim package") includes relatively sparse factual allegations. ECF No. 1. The Court will review only the core complaint, particularly since Plaintiff does not appear to incorporate any of the attached documents in her complaint or explain the relationship between the attachments and her allegations in the complaint—rather, she seems to have provided hundreds of pages of background documentation to the Court. *See U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("[Federal] Rule [of Civil Procedure] 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."); *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) ("What makes it appropriate for [the court] to consider the documents that [the plaintiff] has attached to her complaint is that she has not only cited them in the body of her complaint, but she has, to some degree, relied on their contents as support for her claims." (citation omitted)).

The Court has gleaned the following from Plaintiff's core complaint. Beginning in 2023, Plaintiff participated in the City of Milwaukee Housing/Home Improvement Program (the "Program"). *See* ECF No. 1 at 3; *id.* at 6 (timeline). She "fully complied with all [P]rogram requirements." *Id.* at 3. However, her "approval and funding" to participate in the Program were delayed. *Id.* Meanwhile, another entity, Guardian Home

Improvement ("Guardian"),[2] was permitted to participate in the Program despite lacking "required qualifications, credentials, or compliance documentation." *Id.* This resulted in Plaintiff's project being "stalled." *Id.* Plaintiff's complaint discusses further occurrences in the Program, so she apparently was eventually permitted to participate in it.

She further asserts that she "entered into a project arrangement involving Guardian." *Id.* at 4. However, when it came time to execute the required paperwork to begin the project, Guardian refused to sign. *Id.* Plaintiff says that this happened "in the presence of, and with the knowledge of, the . . . [P]rogram," but the Program took no "[n]o corrective action" against Guardian. *Id.* This rendered her project "inoperable," exposing Plaintiff to "financial loss, delay, and administrative harm," while Guardian "was permitted to disengage without penalty." *Id.*; *id.* at 8–9 (further detailing alleged damages).

She requests declaratory relief and equitable relief to "[p]rohibit further unlawful interference . . . ; [p]revent continued or future harm . . . ; [and] [r]equire corrective measures," in addition to monetary and compensatory relief. *Id.* at 15. She further requests "[c]orrection of inaccurate or improper records" and "[r]eopening, dismissal, or review of improperly handled matters." *Id.* at 16. Plaintiff references proceedings before the Milwaukee County Municipal Court and a Chapter 13 Bankruptcy proceeding, ECF No. 6-2 at 1, 3–6, so her requests to correct records and review other matters may refer to these proceedings.

---

[2]Plaintiff explicitly states that Guardian is not a party to this matter. ECF No. 1 at 1. She further references an "AAA Case" that was "[r]esolved"— presumably an arbitration between her and Guardian. *Id.*

### 3.3 Analysis

#### 3.3.1 Equal Protection Claim

Plaintiff can pursue an equal protection claim. An equal protection claim under the Fourteenth Amendment to the U.S. Constitution requires Plaintiff to allege that the defendant(s) "intentionally treated [her] differently than others who were similarly situated" and that "there was no rational basis for the difference in treatment or the cause of the differential treatment was an illegitimate animus toward him." *Powell v. City of Berwyn*, 68 F. Supp. 3d 929, 847 (N.D. Ill. 2014) (citing *Woodruff v. Mason*, 542 F.3d 545, 554 (7th Cir. 2008)). Plaintiff's allegations that she complied with Program requirements but experienced a delay in acceptance to the Program, while Guardian lacked requisite qualifications but was accepted to the Program, state a claim under this standard sufficient to pass screening. The issues of whether Plaintiff and Guardian were indeed similarly situated, were indeed subject to differential treatment, and if so what caused the differential treatment, are best left for the fact development stage of this case.

With respect to the proper defendant or defendants for this equal protection claim, the Court reads the complaint as raising claims against unknown administrators of the Program, as opposed to making claims against the Program itself as an entity:

**RESPONDENTS / SUBJECT ENTITIES**

**City of Milwaukee – Housing / Home Improvement Program**
Program Administrators (Names Unknown at Filing)
Address: *[Program Address]*
Email: *[Program Email]*

   1. **Associated Program Officers / Administrators**
      (Unknown names; included by title and function)

ECF No. 1 at 1. Accordingly, the Court will direct the Clerk of Court to correct the docket to reflect a single Defendant, "City of Milwaukee – Housing / Home Improvement Program Administrators (Names Unknown at Filing)." The Court provides further instructions *infra* Section 4 to assist in Plaintiff's identification of the unknown Program administrators. This docket change does not affect Plaintiff's ability to recover from Program administrators in their individual capacities. *See, e.g., Kimbrew v. Evansville Police Dep't*, 867 F. Supp. 818, 828 (S.D. Ind. 1994) ("[I]t is difficult to presume that Walter Kimbrew intended to redundantly implicate the City of Evansville four times over. It is much more logical to presume that Walter Kimbrew named three of the four officers involved in his arrest because he felt they individually had done him some wrong.").

### 3.3.2   Other Claims

Plaintiff's other allegations primarily take issue with Guardian backing out of its project arrangement with her and the Program doing nothing about it. The Court understands Plaintiff to be alleging that she had, or wished to have, some kind of contract with Guardian, and taking issue with the Program administrators' inaction in the breakdown of that contracting process. She explicitly disclaims that she is bringing this (or any) claim against Guardian; she only pursues this claim against the

Program. *See supra* note 2; ECF No. 1 at 1. As explained below, these allegations do not state any valid federal claim for relief, and the Court declines to exercise supplemental jurisdiction over any state law claim that could be premised thereon.

The Court will first examine whether Plaintiff's allegations could support a procedural due process claim under the Fourteenth Amendment. "[T]he right of the individual to contract" is protected by the Fourteenth Amendment's procedural due process clause. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 572 (1972) (quoting *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923)); *see also Khan v. Bland*, 630 F.3d 519, 527–35 (7th Cir. 2010) (examining property- and liberty-deprivation procedural due process claims related to loss of current and future government housing contracts); *Kevin's Towing, Inc. v. Thomas*, 217 F. Supp. 2d 903, 905–06, 907–09 (N.D. Ill. 2002) (examining property-deprivation procedural due process claim where plaintiff towing company alleged that city official interfered with contract between plaintiff and private third party).[3] Fourteenth Amendment procedural due process requires that any "deprivation" of a protected

_____

[3]The Fourteenth Amendment also protects from government interference with substantive due process interests in "fundamental right[s] and libert[ies]." *Lukaszczyk v. Cook County*, 47 F.4th 587, 599 (7th Cir. 2022) (quoting *Campos v. Cook County*, 932 F.3d 972, 975 (7th Cir. 2022)). However, "state-created contract rights" are not among those rights and liberties. *Kiser v. Naperville Cmty. Unit*, 227 F. Supp. 2d 954, 967 (N.D. Ill. 2002) (quoting *Charles v. Baesler*, 910 F.2d 1349, 1353 (6th Cir. 1990)); *see also Taake v. County of Monroe*, 530 F.3d 538, 542 (7th Cir. 2008) (explaining that "mere breaches of contract by the government do not support substantive due process claims under the Constitution" and collecting cases). So substantive due process is inapplicable here.

Separately, 42 U.S.C. § 1981 protects individuals from race discrimination in making and enforcing contracts. However, Plaintiff has raised no allegations of race discrimination, so this federal statute is inapplicable as well.

interest "must be implemented in a fair manner," including "notice" to the plaintiff and "an opportunity to be heard." *Rubin v. Ikenberry*, 933 F. Supp. 1425, 1436–37 (C.D. Ill. 1996) (citing *United States v. Salerno*, 481 U.S. 739, 746–47 (1987)); *Taake v. County of Monroe*, 530 F.3d 538, 543 (7th Cir. 2008) (citing *Goros v. County of Cook*, 489 F.3d 857, 859 (7th Cir. 2007)).

The Court will presume at this stage that Plaintiff's complaint adequately asserts a property or liberty interest protected by the Fourteenth Amendment procedural due process clause. *See Kevin's Towing,* 217 F. Supp. 2d at 909 (declining to decide "whether plaintiff has established the existence of a property right protectable by the United States Constitution").

Even assuming that Plaintiff's allegations adequately assert a protected property or liberty interest, however, a procedural due process claim requires that the alleged violation be a result of either government action, *see DiDonato v. Panatera*, 24 F.4th 1156, 1160 (7th Cir. 2022) ("Where . . . a plaintiff does not allege that a public official's actions involved some inappropriate invocation or exercise of state authority, there is no § 1983 claim."), or "willful . . . joint action" between a private entity and the government. *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980); *see also L.P. v. Marian Cath. High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) ("The plaintiff must identify a sufficient nexus between the state and the private actor to support a finding that the deprivation committed by the private actor is 'fairly attributable to the state.'" (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982))).

The allegations in the complaint do not satisfy the state-action requirement. The complaint is clear that Plaintiff was pursuing a contract or project arrangement *with Guardian*, which is neither a state actor nor a

party to this case. *See supra* note 2. But Plaintiff's allegations against Guardian sound in contract law, which is a matter of state—not federal constitutional—law. *See supra* note 3.

Moreover, Plaintiff has not alleged that Guardian and the Program acted together to deprive her of procedural due process around her contract rights. At most, Plaintiff has alleged that staff of the Program knew about Guardian backing out of the project arrangement and failed to intervene. While failure to intervene may be a viable theory for a constitutional claim under 42 U.S.C. § 1983, such claims "depend on proof of an underlying constitutional violation." *Coleman v. City of Peoria*, 925 F.3d 336, 351 (7th Cir. 2019) (citing *Gill v. City of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017); other citations omitted). As noted above, even if Plaintiff had named Guardian as a party, she has no underlying constitutional claim against it. Accordingly, she cannot sue the Program for failure to intervene in an alleged due process violation.

Additionally, the Court will not exercise supplemental jurisdiction over a state law contract claim against Guardian, *see* 28 U.S.C. § 1367, because she has explicitly disclaimed that she is naming Guardian as a party to this case.

Plaintiff's allegations that Guardian backed out of its project arrangement with her and that the Program did nothing about it therefore do not state any claim upon which relief can be granted, and she will not be permitted to proceed on such a claim.

### 3.3.3 Forms of Relief and Possible Abstention

Plaintiff may seek damages and other equitable relief on her equal protection claim. She may not, however, seek that this Court upset an arbitrator's findings, *see supra* note 2, through a civil rights claim. The

vehicle for vacating an arbitrator's award is 9 U.S.C. § 10, which Plaintiff has not invoked, and which the Court presumes she does not intend to invoke because, again, she affirmatively does not sue Guardian, the party against whom she apparently arbitrated. To the extent her requested relief seeks to bring about this outcome, it cannot proceed. If the Program administrators, once identified and formally named as defendants, believe that the arbitration award that Plaintiff references precludes this case from proceeding, the Court invites motion practice on this topic.

The Court may also be required to abstain from entertaining Plaintiff's requests to correct records or review other matters (such as her case(s) before the Milwaukee County Municipal Court or her Chapter 13 Bankruptcy proceeding). Motion practice is likewise welcomed, if appropriate, regarding any federal abstention doctrines or bankruptcy-related stays that may apply.

**4.      CONCLUSION**

As explained above, Plaintiff will be permitted to proceed on an equal protection claim against Program administrator defendants whose identities are unknown at this time. The operative defendant will be styled on the docket as "City of Milwaukee – Housing / Home Improvement Program Administrators (Names Unknown at Filing)." Because Plaintiff does not know the names of the Program administrators she is suing, and because the Court cannot readily determine what municipal department the Program may be affiliated with, the Court will add the City of Milwaukee as a placeholder defendant for the limited purpose of helping Plaintiff identify the names of the relevant Program administrators. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). The Court will order the U.S. Marshals to serve the City of Milwaukee with

Plaintiff's complaint[4] and a copy of this Order. *See* FED. R. CIV. P. 4(c)(3) (requiring the Court to order the U.S. Marshals to conduct service if the plaintiff is proceeding in forma pauperis).

The City of Milwaukee does not have to respond to the complaint. If the City of Milwaukee's attorney, after reasonable investigation, believes that the Program that Plaintiff references is not affiliated with the City of Milwaukee, the attorney should indicate that in a filing on the docket within **fourteen (14) days** of being served with the complaint. It should also serve this filing on Plaintiff and file a certificate of service. If this occurs, the Court will issue an order with further instructions.

Alternatively, if the City of Milwaukee determines that the Program that Plaintiff references is affiliated with the City of Milwaukee, it shall indicate as much in a filing on the docket within **fourteen (14) days** of being served with the complaint, also serving the filing on Plaintiff and certifying service.

If this occurs, Plaintiff may then proceed to serve discovery requests—such as interrogatories (written questions) or document requests, FED. R. CIV. P. 33 and 34—so as to identify the names of the Program administrators that caused her alleged injuries. Discovery requests exceeding this scope will not be permitted at this time. Plaintiff should send her discovery requests directly to the City of Milwaukee's attorney at the address in his or her notice of appearance. Plaintiff does not need to file her discovery requests with the Court.

---

[4]Given the volume of the attachments to Plaintiff's complaint, the Court will only order service of the core complaint, ECF No. 1.

Plaintiff must identify the names of the Program administrator defendants within **ninety (90) days** of the City of Milwaukee's attorney appearing. If she does not, or does not explain to the Court why she is unable to do so, the Court may dismiss the case based on her failure to diligently pursue it. CIV. L. R. 41(c).

After Plaintiff learns the names of the Program administrators that she believes violated her equal protection rights, she must file a motion to substitute their names for the placeholder defendant. Once Plaintiff does so, the Court will dismiss the City of Milwaukee as a defendant and will issue further order(s) setting a deadline for any named defendants to respond to Plaintiff's complaint and setting a deadline for discovery on the merits of Plaintiff's claims.

Accordingly,

**IT IS ORDERED** that Plaintiff Comikia Price's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of Court correct the docket to reflect a single Defendant, "City of Milwaukee – Housing / Home Improvement Program Administrators (Names Unknown at Filing)";

**IT IS FURTHER ORDERED** that the Clerk of Court add the City of Milwaukee as a placeholder Defendant;

**IT IS FURTHER ORDERED** that the U.S. Marshals Service serve a copy of the complaint, ECF No. 1 (without any attachments), and this Order, upon placeholder Defendant the City of Milwaukee, pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service

by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed; for process served personally by the U.S. Marshals Service, the fee is $65.00 per hour. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee; and

**IT IS FURTHER ORDERED** that, within fourteen (14) days of service of the complaint and this Order, placeholder Defendant the City of Milwaukee file a statement in accordance with the instructions provided herein, and serve the statement on Plaintiff.

Dated at Milwaukee, Wisconsin, this 18th day of May, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

Plaintiff will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.